IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APRIL 11, 2008                                    YM
08CV2073
JUDGE NORGLE
MAGISTRATE JUDGE BROWN

TEAMSTERS LOCAL UNION NO. 727 )
HEALTH AND WELFARE FUND, )
TEAMSTERS LOCAL UNION NO. 727 )
PENSION FUND and TEAMSTERS )
LOCAL UNION NO. 727 LEGAL AND )
EDUCATIONAL ASSISTANCE FUND, )
                                    )
            **Plaintiffs,** )
  v.                            )  No.
                                    )
WILLIAM SWEETMAN, individually and )
d/b/a SWEETMAN FUNERAL HOME, )
                                    )
            **Defendant.** )

## C O M P L A I N T

Plaintiffs, TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND, TEAMSTERS LOCAL UNION NO. 727 PENSION FUND and TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND, by and through their Attorney, Robert B. Greenberg, and complaining of Defendant, WILLIAM SWEETMAN, individually and d/b/a SWEETMAN FUNERAL HOME, allege as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2). Section 502(e)(2) states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

-1-

3. The TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND, TEAMSTERS LOCAL UNION NO. 727 PENSION FUND and TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND, ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between Teamsters Local Union No. 727 ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Funds offices are located at 5940 West Montrose Avenue, Chicago, Illinois 60634, and the Funds are administered in the Northern District of Illinois.

5. As provided in the Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreements.

6. Defendant is an employer engaged in an industry affecting commerce and maintains his principal place of business at 620 North Eastwood, Mount Prospect, IL 60056.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. That from August 1, 2001, through the present date, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiffs but are known to Defendant on whose behalf Defendant has failed to report and remit contributions.

9.    Plaintiffs are entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period August 1, 2001, through the present date.

10.   Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to submit his books and records for an audit as provided for in the Funds' Trust Agreement, which is incorporated into the Bargaining Agreement, but Defendant has refused and failed to perform as herein alleged.

11.   Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of his obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiffs pray:

(a)   That Defendant be compelled to account to Plaintiffs for contributions due as aforesaid and to pay to Plaintiffs any amount found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(b)   That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c)   That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d)      For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#:  01047558